IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BOLAN TEXTILE (HK), LIMITED** | : | Case No. 1:11-CV-00739 |
| Plaintiff, | : | |
| | | Chief Judge Susan J. Dlott |
| v. | : | |
| | | **ORDER DENYING** |
| **ELIZABETH SLONE DeHAAN,** *et al.*, | : | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendants. | : | |

This matter is before the Court on Defendants Elizabeth Slone DeHaan and Robbins, Kelly, Patterson & Tucker's (collectively, "Defendants") Motion for Judgment on the Pleadings. (Doc. 12.)  For the reasons that follow, the motion is **DENIED**.

**I.  BACKGROUND**[1]

This legal malpractice action arises from attorney DeHaan's representation of Plaintiff Bolan Textile (HK), Limited ("Bolan") in a business-acquisition transaction in September of 2010.  Compl., Doc. 1 at Page ID # 2.

In the underlying transaction, Bolan purchased the membership interests of non-party Texstyle, LLC ("Texstyle").  *Id*.  In connection with the equity purchase, Bolan provided to Texstyle an equity contribution of $500,000 and a loan of $1,000,000.  *Id*.  At the September 28, 2010 closing, Texstyle executed a Promissory Note in favor of Bolan in the amount of $1,000,000.  *Id*.  The parties also entered into a Security Agreement providing Bolan with a junior, subordinated security interest in all of Texstyle's receivables, inventory, equipment, and

---

[1]  The following facts are drawn from the Complaint, documents attached to the pleadings, and matters of public record.

1

fixtures, all intellectual property and other intangible assets, and all the proceeds from such assets (the "Collateral"). *Id*. at Page ID # 2, 4. To perfect that interest, DeHaan filed a UCC-1 Financing Statement with the Nevada Secretary of State on January 10, 2011, more than 100 days after the Security Agreement was signed. *Id*. at Page ID # 2.

On April 12, 2011, Texstyle filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York.[2] *Id*. at Page ID # 6. In the course of its bankruptcy, Texstyle filed an adversary proceeding seeking to set aside Bolan's security interest as a preferential transfer under 11 U.S.C. § 547(b).[3] *Id*. Texstyle argued that Bolan's security interest is avoidable because Bolan was an "insider" of Texstyle when the security interest was perfected.

By way of background, section 547(b) of the Bankruptcy Code allows a bankruptcy trustee to avoid certain transfers made by a debtor prior to filing for bankruptcy. Generally, all transfers made within 90 days of the debtor's bankruptcy filing are considered preferential and subject to avoidance. 11 U.S.C. § 547(b)(4)(A). When the creditor is an "insider" of the debtor, however, the bankruptcy code enlarges the time period for avoidance to one year before the bankruptcy filing. 11 U.S.C. § 547(b)(4)(B). Significantly, a transfer is made "at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time" or "at the time such transfer is perfected, if such transfer is perfected after such 30 days." 11 U.S.C. § 547(e)(2)(A) and (B). Here, because the Financing Statement was not filed within 30 days of the execution of the Security Agreement, the "transfer" occurred when DeHaan filed the Financing Statement, after Bolan had acquired an interest in

---

[2] *In re: TexStyle, LLC*, Case No. 11-11686 (SMB).
[3] The adversary complaint is attached to the Complaint as Exhibit 3. *See* Adversary Compl., Doc. 1 Ex. 3 at Page ID # 19.

2

(and become an "insider" of) Texstyle. If the transfer is set aside pursuant to section 547(b), Bolan will be treated as an unsecured creditor in the bankruptcy proceeding. The adversary proceeding is ongoing. Mot. J. Pleadings, Doc. 12 at Page ID # 114.

On July 14, 2011, Texstyle filed an Amended Plan of Reorganization in the bankruptcy proceeding (the "Reorganization Plan").[4] The Reorganization Plan, Doc. 11-1 at Page ID # 70. Under the Reorganization Plan, Bolan subordinated all of its claims to every other creditor, secured and unsecured, and agreed to receive no distribution following the reorganization. *Id*. at Page ID # 79. The plan also provides that Bolan's security interest is not subject to the discharge and injunctive provisions of the plan, meaning that Bolan's claim on the $1,000,000 note is not extinguished and remains enforceable following the reorganization. *Id*. On August 18, 2011, the bankruptcy court confirmed the Reorganization Plan.[5] *See* Confirmation Order, Doc. 11-2 at Page ID # 95.

On October 20, 2011, Bolan filed this legal malpractice case against Defendants. Bolan claims that DeHaan failed to timely perfect the security interest and, consequently, Bolan has suffered damages in excess of $1,000,000 including, "without limitation, the loss of protection afforded by a perfected security interest in the Collateral and the lawyers' fees and costs it has incurred, and it will incur, defending the adversary proceeding in bankruptcy." Compl., Doc. 1 at Page ID # 7.

---

[4] The Reorganization Plan is attached to Defendants' Answer as Exhibit 1, doc. 11-1 at Page ID # 70, and to Defendants' Motion for Judgment on the Pleadings as Exhibit A, doc. 12-1 at Page ID # 124.

[5] The Confirmation Order, entitled Findings of Fact and Conclusions of Law Relating To, and Order Confirming Amended Plan of Reorganization of Texstyle, LLC under Chapter 11 of the Bankruptcy Code and Granting Related Relief, is attached to Defendants' Answer as Exhibit 2. doc. 11-2 at Page ID # 95 and to Defendants' Motion for Judgment on the Pleadings as Exhibit C, doc. 12-3 at Page ID # 210.

On December 21, 2011, Defendants filed a motion for judgment on the pleadings. Defendants primarily contend that filings from the bankruptcy proceeding prove that Bolan has suffered no damages as a result of the alleged untimely filing of the Financing Statement or, alternatively, that any damages stemming from the untimely filing are simply too speculative as a matter of law. In opposition, Bolan argues that many factual disputes exist on the issue of damages and that these issues should be resolved either on a motion for summary judgment, after the benefit of discovery, or at trial. On March 8, 2012, the Court heard oral argument on the motion.

## II.     STANDARD

A court may grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) only "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). In considering a Rule 12(c) motion, the court "construe[s] the complaint in the light most favorable to the nonmoving party, accept[s] the well-pled factual allegations as true, and determine[s] whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *Moriarty*, 8 F.3d at 332). Documents attached to the pleadings as exhibits are considered incorporated therein and may be considered in evaluating a Rule 12(c) motion. *See* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Commercial Money Ctr.*, 508 F.3d at 335 ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss").

The court can consider exhibits attached to a motion for judgment on the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Jackson v.*

*City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The court may also consider matters of public record without converting the motion into one for summary judgment. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). However, matters of public record may not be used to establish any disputed facts. *See Commercial Money Ctr.*, 508 F.3d at 336; *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008) (Courts "may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

The Adversary Complaint, the Amended Plan of Reorganization, and the Confirmation Order are attached to the pleadings and therefore are appropriate for consideration. Defendants attach to their motion the following additional documents from the bankruptcy proceeding: the Amended Disclosure Statement for Plan of Reorganization for Texstyle, LLC (the "Amended Disclosure")[6]; the bankruptcy court docket[7]; the original Plan of Reorganization for Texstyle, LLC (dated May 20, 2011)[8]; the Disclosure Statement for Plan of Reorganization (the "Disclosure Statement")[9]; and the Declaration Regarding Voting On and Tabulation of Ballots Accepting and Rejecting Amended Plan of Reorganization for Texstyle, LLC (the "Declaration").[10] Because the bankruptcy proceedings are referred to in the Complaint and are

---

[6] The Amended Disclosure is Exhibit B to the Motion for Judgment on the Pleadings. *See* Doc 12-2 at Page ID # 149.
[7] The bankruptcy court docket is Exhibit E to the Motion for Judgment on the Pleadings. *See* Doc 12-5 at Page ID # 236.
[8] The Plan of Reorganization is Exhibit F to the Motion for Judgment on the Pleadings. *See* Doc 12-6 at Page ID # 258.
[9] The Disclosure Statement is Exhibit G to the Motion for Judgment on the Pleadings. *See* Doc. 12-7 at Page ID # 283.
[10] The Declaration is Exhibit H to the Motion for Judgment on the Pleadings. *See* Doc. 12-8 at Page ID # 314.

central to Bolan's claims, and because the documents are matters of public record, the Court will consider these bankruptcy records where necessary.

## III. ANALYSIS

In order to establish a cause of action for legal malpractice under Ohio law, a plaintiff must show "(1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Krahn v. Kinney*, 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060 (1989). In the Complaint, Bolan alleges that DeHaan represented Bolan in a business-acquisition transaction, that DeHaan breached her duty of care by failing to timely perfect Bolan's security interest, and that the loss of its perfected security interest caused Bolan to incur damages in excess of $1,000,000, including financial losses associated with Texstyle's bankruptcy and fees and costs associated with Texstyle's adversary proceeding. Compl., Doc. 1 at Page ID # 7.

Defendants seek dismissal under Rule 12(c), contending that the bankruptcy record makes clear that Bolan has suffered no damages as a result of the alleged untimely filing. However, a review of Defendants' arguments reveals that disputed issues of fact exist as to whether Bolan has suffered damages as a result of DeHaan's actions.

Citing the Reorganization Plan, Defendants first argue that Bolan remains in roughly the same position as it existed prepetition because Bolan's equity interest in Texstyle and security interest on the $1,000,000 note remain intact. Mot. J. Pleadings, Doc. 12 at Page ID # 115. Although Bolan does not directly address this argument in the briefing, the Court notes that the Complaint contains facts to the contrary, including the fact that Bolan has incurred attorneys' fees and costs defending the adversary proceeding. Compl., Doc. 1 at Page ID # 7. The record also suggests that Bolan was required to "make a substantial contribution" to the Reorganization

Plan during the bankruptcy proceeding. *See* Confirmation Order, 11-2 at Page ID # 100. Both facts contradict Defendants' claim that Bolan remains in the same position following the bankruptcy proceeding.

Defendants next argue that Bolan is in essentially the same position that it would have enjoyed if it had been treated as a secured creditor in the bankruptcy proceeding. Mot. J. Pleadings, Doc. 12 at Page ID # 116-18. Defendants cite to the Amended Disclosure, in which Texstyle states that a sale and liquidation of Texstyle's assets would not have generated enough proceeds to pay Administrative Expense claims. *See* Doc. 12-2 at Page ID # 173. Defendants interpret this to mean that even if Bolan were treated as a secured creditor and somehow could have forced a sale and liquidation of Texstyle's assets, Bolan would have received nothing because its interest, albeit secured, was subordinated to the senior creditor's claim. Mot. J. Pleadings, Doc. 12 at Page ID # 116. Bolan counters by offering that at the outset of the bankruptcy, Texstyle had sufficient assets to pay all the secured creditors, including Bolan. Mem. Opp'n, Doc. 16 at Page ID # 345 (citing Amended Disclosure, Doc. 12-2 at Page ID # 153). Thus, Bolan argues, if Bolan had been a secured creditor, it could have elected an entirely different course in the proceeding, including, among other things, a sale and liquidation of Texstyle's assets. Alternatively, Bolan argues that it could have negotiated a more favorable plan of reorganization as a secured creditor, namely a plan where it could contribute less capital to satisfy the requirements of the Bankruptcy Code. Bolan argues that the loss of its perfected security interest restricted its options from the outset of the bankruptcy. At a minimum, Bolan argues, this issue raises factual disputes that cannot be resolved on a motion for judgment on the pleadings.

The Court agrees with Bolan. Judgment on the pleadings is not appropriate in this case because there are factual disputes which cannot be resolved on the current record. It is not yet clear to the Court whether Bolan has suffered damages as a result of the untimely filing of the financing statement. This question is better suited for resolution with a summary judgment motion than a motion for judgment on the pleadings.

## IV.  CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings.  (Doc. 12.)

IT IS SO ORDERED.

                                              S/Susan J. Dlott_____
                                              Chief Judge Susan J. Dlott
                                              United States District Court